## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| JENAM TECH, LLC,<br><br>    Plaintiff<br><br>v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Civil Action No.: 6:20-cv-00453<br><br>JURY TRIAL DEMANDED<br><br>PATENT CASE |

### PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Jenam Tech, LLC ("Jenam Tech" or "Plaintiff"), files this Complaint against Google, LLC ( "Google" or "Defendant") seeking damages and other relief for patent infringement, and alleges with knowledge to its own acts, and on information and belief as to other matters, as follows:

### PARTIES

1.      Plaintiff is a limited liability company organized and existing under the laws of the State of Texas, having its principal place of business at 211 West Tyler Street, Suite C, Longview, Texas, 75601.

2.      Defendant Google is a Delaware corporation with a physical address at 500 West 2nd Street, Austin, Texas 78701.  Google may be served with process through its registered agent, the Corporation Service Company, at 211 East 7th Street, Suite 620, Austin, Texas 78701.  Google is registered to do business in the State of Texas and has been since at least November 17, 2006.

3.     This Court has personal jurisdiction over Google at least because Google regularly conducts and transacts business, including infringing acts described herein, in this District.

4.     Defendant conducts business in Texas, directly or through intermediaries and offer products or services, including those accused herein of infringement, to customers, and potential customers located in Texas, including in the Western District of Texas.

## JURISDICTION AND VENUE

5.     This action arises under the patent laws of the United States, 35 U.S.C. §101, et seq.  This Court has subject matter jurisdiction under 28 U.S.C. §§1331 and 1338(a).

6.     As to Google, venue is proper in this judicial district pursuant to 28 U.S.C. §1400(b).  Google maintains an established place of business in the state of Texas and the Western District of Texas, specifically, including an office at 500 West 2nd Street, Austin, Texas 78701.

7.     Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process or the Texas Long Arm Statute, because Defendants conduct substantial business in this forum, including: (i) making, using, selling, importing, and/or offering for sale one or more websites or web addresses including, but not limited to www.google.com, stored and/or hosted on one or more servers owned or under the control of Google ("Accused Instrumentalities"); (ii) making, using, selling, importing, and/or offering for sale software for smartphones and tablets as well as other computing devices (e.g., laptops, desktops, Chromebooks, etc.) ("Accused Software"); or (iii) regularly doing or soliciting business, engaging in other persistent courses of conduct, or deriving substantial revenue from goods and services provided to citizens and residents in Texas and in this District.

**THE PATENTS-IN-SUIT**

8.      On March 7, 2018, Robert Paul Morris filed United States Patent Application No. 15/915,053 ("the '053 Application"). The '053 Application was duly examined and issued as United States Patent No. 10,069,945 ("the '945 patent") (entitled "Methods, Systems, and Computer Program Products for Sharing Information for Detecting an Idle TCP Connection"), on September 4, 2018.

9.      Jenam Tech is the owner of the '945 patent and has the full and exclusive right to bring actions and recover past, present, and future damages for the Defendants' infringement of the '945 patent.

10.     The '945 patent is valid and enforceable. A true and correct copy of the '945 patent is attached hereto as Exhibit A.

11.     On March 7, 2018, Robert Paul Morris filed United States Patent Application No. 15/915,047 ("the '047 Application"). The '047 Application was duly examined and issued as United States Patent No. 10,075,564 ("the '564 patent") (entitled "Methods, Systems, and Computer Program Products for Sharing Information for Detecting an Idle TCP Connection"), on September 11, 2018.

12.     Jenam Tech is the owner of the '564 patent and has the full and exclusive right to bring actions and recover past, present, and future damages for the Defendants' infringement of the '564 patent.

13.     The '564 patent is valid and enforceable. A true and correct copy of the '564 patent is attached hereto as Exhibit B.

14.     On March 7, 2018, Robert Paul Morris filed United States patent Application No. 15/915,052 ("the '052 Application"). The '052 Application was duly examined and issued as

United States Patent No. 10,075,565 ("the '565 patent") (entitled "Methods, Systems, and Computer Program Products for Sharing Information for Detecting an Idle TCP Connection"), on September 11, 2018.

15.     Jenam Tech is the owner of the '565 patent and has the full and exclusive right to bring actions and recover past, present, and future damages for the Defendants' infringement of the '565 patent.

16.     The '565 patent is valid and enforceable. A true and correct copy of the '565 patent is attached hereto as Exhibit C.

17.     On July 19, 2018, Robert Paul Morris filed United States Patent Application No. 16/040,522 ("the '522 Application"). The '522 Application was duly examined and issued as United States Patent No. 10,375,215 ("the '215 patent") (entitled "Methods, Systems, and Computer Program Products for Sharing Information for Detecting an Idle TCP Connection"), on August 6, 2019.

18.     Jenam Tech is the owner of the '215 patent and has the full and exclusive right to bring actions and recover past, present, and future damages for the Defendants' infringement of the '215 patent.

19.     The '215 patent is valid and enforceable.  A true and correct copy of the '215 patent is attached hereto as Exhibit D.

20.     On July 19, 2018, Robert Paul Morris filed United States Patent Application No. 16/040,517 ("the '517 Application"). The '517 Application was duly examined and issued as United States Patent No. 10,306,026 ("the '026 patent") (entitled "Methods, Systems, and Computer Program Products for Sharing Information for Detecting an Idle TCP Connection"), on May 28, 2019.

4

21.     Jenam Tech is the owner of the '026 patent and has the full and exclusive right to bring actions and recover past, present, and future damages for the Defendants' infringement of the '026 patent.

22.     The '026 patent is valid and enforceable. A true and correct copy of the '026 patent is attached hereto as Exhibit E.

23.     On September 3, 2017, Robert Paul Morris filed United States Patent Application No. 15/694,802 ("the '802 Application"). The '802 Application was duly examined and issued as United States Patent No. 9,923,995 ("the '995 Patent") (entitled "Methods, Systems, and Computer Program Products for Sharing Information for Detecting an Idle TCP Connection"), on March 20, 2018.

24.     Jenam Tech is the owner of the '995 Patent and has the full and exclusive right to bring actions and recover past, present, and future damages for the Defendant's infringement of the '995 Patent.

25.     The '995 Patent is valid and enforceable. A true and correct copy of the '995 Patent is attached hereto as Exhibit F.

26.     On September 3, 2017, Robert Paul Morris filed United States Patent Application No. 15/694,803 ("the '803 Application"). The '803 Application was duly examined and issued as United States Patent No. 9,923,996 ("the '996 Patent") (entitled "Methods, Systems, and Computer Program Products for Sharing Information for Detecting an Idle TCP Connection"), on March 20, 2018.

27.     Jenam Tech is the owner of the '996 Patent and has the full and exclusive right to bring actions and recover past, present, and future damages for the Defendant's infringement of the '996 Patent.

28.     The '996 Patent is valid and enforceable.  A true and correct copy of the '996 Patent is attached hereto as Exhibit G.

29.     The '945, '564, '565, '215, '026, '995 and '996 patents are collectively referred to herein as the "patents" or the "patents in suit."

30.     Jenam Tech has not practiced any claimed invention of the patents in suit.

31.     Defendants infringe the patents at least through making, using, selling, importing, and/or offering to sell the Accused Instrumentalities and Accused Software.

## COUNT I: INFRINGEMENT OF THE '945 PATENT

32.     Jenam Tech repeats and re-alleges the allegations of the above paragraphs as if fully set forth herein.

33.     The '945 patent includes 144 claims. '945 patent, Ex. A at 24:8-36:65.

34.     Defendants directly infringe one or more claims of the '945 patent without authority by making, using (including without limitation testing), selling, importing, and/or offering to sell products and systems, including by way of example, the Accused Instrumentalities. *See* Claim Chart for the '945 patent, attached hereto as Exhibit H.

35.     Defendants have been and are directly infringing, either literally or under the doctrine of equivalents, at least Claim 104 of the '945 patent by making, using (including without limitation testing), selling, importing, and/or offering to sell the Accused Instrumentalities.  *See* Claim Chart for the '945 patent, attached hereto as Exhibit H. As demonstrated by the attached claim chart, each and every element of Claim 104 of the '945 patent is found in the Accused Instrumentalities.

36.     Defendants have had actual knowledge of the '945 patent at least as early as the date of service of this Complaint.

6

37. Defendants' acts of infringement have occurred within this District and elsewhere throughout the United States.

## COUNT II: INFRINGEMENT OF THE '564 PATENT

38. Jenam Tech repeats and re-alleges the allegations of the above paragraphs as if fully set forth herein.

39. The '564 patent includes 30 claims. '564 patent, Ex. B at 23:5–27:28.

40. Defendants directly infringe one or more claims of the '564 patent without authority by making, using (including without limitation testing), selling, importing, and/or offering to sell products and systems, including by way of example, the Accused Instrumentalities. *See* Claim Chart for the '564 patent, attached hereto as Exhibit I.

41. Defendants have been and are directly infringing, either literally or under the doctrine of equivalents, at least Claim 1 of the '564 patent by making, using (including without limitation testing), selling, importing, and/or offering to sell the Accused Instrumentalities. *See* Claim Chart for the '564 patent, attached hereto as Exhibit I. As demonstrated by the attached claim chart, each and every element of Claim 1 of the '564 patent is found in the Accused Instrumentalities.

42. Defendants have had actual knowledge of the '564 patent at least as early as the date of service of this Complaint.

43. Defendants' acts of infringement have occurred within this District and elsewhere throughout the United States.

## COUNT III: INFRINGEMENT OF THE '565 PATENT

44. Jenam Tech repeats and re-alleges the allegations of the above paragraphs as if fully set forth herein.

7

45.     The '565 patent includes 30 claims. '565 patent, Ex. C at 23:48–28:65.

46.     Defendants directly infringe one or more claims of the '565 patent without authority by making, using (including without limitation testing), selling, importing, and/or offering to sell products and systems, including by way of example, the Accused Instrumentalities. *See* Claim Chart for the '565 patent, attached hereto as Exhibit J.

47.     Defendants have been and are directly infringing, either literally or under the doctrine of equivalents, at least Claim 1 of the '565 patent by making, using (including without limitation testing), selling, importing, and/or offering to sell the Accused Instrumentalities. *See* Claim Chart for the '565 patent, attached hereto as Exhibit J. As demonstrated by the attached claim chart, each and every element of Claim 1 of the '565 patent is found in the Accused Instrumentalities.

48.     Defendants have had actual knowledge of the '565 patent at least as early as the date of service of this Complaint.

49.     Defendants' acts of infringement have occurred within this District and elsewhere throughout the United States.

## COUNT IV: INFRINGEMENT OF THE '215 PATENT

50.     Jenam Tech repeats and re-alleges the allegations of the above paragraphs as if fully set forth herein.

51.     The '215 patent includes 39 claims. '215 patent, Ex. D at 24:15–30:23.

52.     Defendants directly infringe one or more claims of the '215 patent without authority by making, using (including without limitation testing), selling, importing, and/or offering to sell products and systems, including by way of example, the Accused Instrumentalities. *See* Claim Chart for the '215 patent, attached hereto as Exhibit K.

53.     Defendants have been and are directly infringing, either literally or under the doctrine of equivalents, at least Claim 1 of the '215 patent by making, using (including without limitation testing), selling, importing, and/or offering to sell the Accused Instrumentalities. *See* Claim Chart for the '215 patent, attached hereto as Exhibit K. As demonstrated by the attached claim chart, each and every element of Claim 1 of the '215 patent is found in the Accused Instrumentalities.

54.     Defendants have had actual knowledge of the '215 patent at least as early as the date of service of this Complaint.

55.     Defendants' acts of infringement have occurred within this District and elsewhere throughout the United States.

## COUNT V: INFRINGEMENT OF THE '026 PATENT

56.     Jenam Tech repeats and re-alleges the allegations of the above paragraphs as if fully set forth herein.

57.     The '026 patent includes 98 claims. '026 patent, Ex. E at 24:16–34:30.

58.     Defendants directly infringe one or more claims of the '026 patent without authority by making, using (including without limitation testing), selling, importing, and/or offering to sell products and systems, including by way of example, the Accused Instrumentalities and the Accused Software. *See* Claim Chart for the '026 patent, attached hereto as Exhibit L.

59.     Defendants have been and are directly infringing, either literally or under the doctrine of equivalents, at least Claim 1 of the '026 patent by making, using (including without limitation testing), selling, importing, and/or offering to sell the Accused Instrumentalities and the Accused Software. *See* Claim Chart for the '026 patent, attached hereto as Exhibit L. As

demonstrated by the attached claim chart, each and every element of Claim 1 of the '026 patent is found in the Accused Instrumentalities and the Accused Software.

60.     Defendants have had actual knowledge of the '026 patent at least as early as the date of service of this Complaint.

61.     Defendants' acts of infringement have occurred within this District and elsewhere throughout the United States.

## COUNT VI: INFRINGEMENT OF THE '995 PATENT

62.     Jenam Tech repeats and re-alleges the allegations of the above paragraphs as if fully set forth herein.

63.     The '995 patent includes 30 claims. '995 patent, Ex. F at 23:4-28:16.

64.     Defendants directly infringe one or more claims of the '995 patent without authority by making, using (including without limitation testing), selling, importing, and/or offering to sell products and systems, including by way of example, the Accused Instrumentalities and the Accused Software. *See* Claim Chart for the '995 patent, attached hereto as Exhibit M.

65.     Defendants have been and are directly infringing, either literally or under the doctrine of equivalents, at least Claim 29 of the '995 patent by making, using (including without limitation testing), selling, importing, and/or offering to sell the Accused Instrumentalities and the Accused Software. *See* Claim Chart for the '995 patent, attached hereto as Exhibit M. As demonstrated by the attached claim chart, each and every element of Claim 29 of the '995 patent is found in the Accused Instrumentalities and the Accused Software.

66.     Defendants have had actual knowledge of the '995 patent at least as early as the date of service of this Complaint.

67.     Defendants' acts of infringement have occurred within this District and elsewhere throughout the United States.

### COUNT VII: INFRINGEMENT OF THE '996 PATENT

68.     Jenam Tech repeats and re-alleges the allegations of the above paragraphs as if fully set forth herein.

69.     The '996 patent includes 30 claims. '996 patent, Ex. G at 23:27-28:42.

70.     Defendants directly infringe one or more claims of the '996 patent without authority by making, using (including without limitation testing), selling, importing, and/or offering to sell products and systems, including by way of example, the Accused Instrumentalities. *See* Claim Chart for the '996 patent, attached hereto as Exhibit N.

71.     Defendants have been and are directly infringing, either literally or under the doctrine of equivalents, at least Claim 1 of the '996 patent by making, using (including without limitation testing), selling, importing, and/or offering to sell the Accused Instrumentalities. *See* Claim Chart for the '996 patent, attached hereto as Exhibit N. As demonstrated by the attached claim chart, each and every element of Claim 1 of the '996 patent is found in the Accused Instrumentalities.

72.     Defendants have had actual knowledge of the '996 patent at least as early as the date of service of this Complaint.

73.     Defendants' acts of infringement have occurred within this District and elsewhere throughout the United States.

### RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that the Court:

A.     Declaring that Defendants have infringed the patents in suit;

11

B.      Awarding damages in an amount to be proven at trial, but in no event less than a

reasonable royalty for Defendants' infringement including pre-judgment and post-

judgment interest at the maximum rate permitted by law;

C.      Ordering an award of reasonable attorneys' fees and enhanced damages as

appropriate against Defendant to Jenam Tech as provided by 35 U.S.C. § 285;

D.      Awarding expenses, costs, and disbursements in this action against Defendants,

including prejudgment interest; and

E.      All other relief necessary or appropriate.


## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury

on all issues so triable.


Dated:  June 1, 2020                    */s/ James M. Lennon*
                                        James M. Lennon (Bar No. 4570)
                                        Timothy Devlin (Bar No. 4241)
                                        Derek Dahlgren (Bar No. 983624)
                                        Cory Edwards (Bar No. 6329639)
                                        **DEVLIN LAW FIRM LLC**
                                        1526 Gilpin Avenue
                                        Wilmington, DE 19806
                                        Telephone: (302) 449-9010
                                        Facsimile: (302) 353-4251
                                        jlennon@devlinlawfirm.com
                                        tdevlin@devlinlawfirm.com
                                        ddahlgren@devlinlawfirm.com
                                        cedwards@devlinlawfirm.com

                                        *Attorneys for Plaintiff,*
                                        *Jenam Tech, LLC*