**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| JENAM TECH, LLC, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION No. 6:20-cv-00453-ADA |
| | § | |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| GOOGLE LLC, | § | |
| | § | |
| Defendant. | § | |

**DECLARATION OF RYLEE KERCHER OLM IN SUPPORT OF DEFENDANT**
**GOOGLE LLC'S OPPOSED MOTION TO TRANSFER VENUE**

I, Rylee Kercher Olm, declare as follows:

1.      I am an attorney licensed to practice in the State of California and am an associate at the law firm of Keker, Van Nest & Peters LLP, counsel of record for Defendant Google LLC (hereinafter "Google") in this action.  I submit this declaration in support of Google's Motion to Transfer Venue to the Northern District of California.  I have personal knowledge of the facts set forth in this declaration and could and would testify competently to them under oath if called as a witness.

2.      Attached as **Exhibit A** is a true and correct copy of a printout of the website http://www.chromium.org/quic, printed on July 28, 2020.  Jenam cites to this website in its infringement analyses.  This website includes a hyperlink entitled "QUIC overview," which links to the document entitled "QUIC at 10,000 feet."  Attached as **Exhibit B** is a true and correct copy of this document, available at https://docs.google.com/document/d/1gY9-YNDNAB1eip-RTPbqphgySwSNSDHLq9D5Bty4FSU/edit, downloaded on August 8, 2020.  The website http://www.chromium.org/quic also links to two different IETF informational documents. Attached as **Exhibit C** is a true and correct copy of the first IETF informational document, entitled *QUIC: A UDP-Based Secure and Reliable Transport for HTTP/2*, available at https://tools.ietf.org/html/draft-tsvwg-quic-protocol-02, downloaded on July 28, 2020.  Attached as **Exhibit D** is a true and correct copy of the second IETF informational document, *QUIC Loss Recovery and Congestion Control*, available at https://tools.ietf.org/html/draft-tsvwg-quic-loss-recovery-01, downloaded on July 28, 2020.

3.      Attached as **Exhibit E** is a true and correct copy of a printout of the IETF's QUIC specification entitled *QUIC: A UDP-Based Multiplexed and Secure Transport*, available at

1

https://tools.ietf.org/html/draft-ietf-quic-transport-27, printed on July 28, 2020.  Jana Iyengar is listed as a co-editor of this specification.

4.      Attached as **Exhibit F** are true and correct copies of printouts of the LinkedIn profiles of Jana Iyengar, Ryan Hamilton, Charles 'Buck' Krasic, and Jim Roskind, printed from www.linkedin.com on July 21, 2020.

5.      Attached as **Exhibit G** is a true and correct copy of a printout of Ryan Hamilton's resume, printed from http://optimism.us/resume/ on July 24, 2020.

6.      Attached as **Exhibit H** is a true and correct copy of a printout of the LinkedIn profile of Paul Morris, the inventor of the patents-in-suit, printed from www.linkedin.com on August 3, 2020.

7.      Attached as **Exhibit I** is a true and correct copy of the Delaware incorporation record of Sitting Man, LLC.

8.      Attached as **Exhibit J** is a true and correct copy of a printout of the homepage of the Oso-IP LLC Website, printed from www.oso-ip.com on July 24, 2020.

9.      Attached as **Exhibit K** are true and correct copies of printouts of the LinkedIn profiles of Kevin Zilka and Andrew Gordon, printed from www.linkedin.com on July 24, 2020.

10.     Attached as **Exhibit L** is a true and correct copy of the public records of all of the businesses associated with 211 W. Tyler Street, Suite C, Longview, TX 75601.  According to Stragent, LLC's December 31, 2018 Texas Franchise Tax Public Information Report, Mr. Gordon resides at 6518 Ryeworth Dr., Frisco, Texas.

11.     Attached as **Exhibit M** are true and correct copies received from the U.S. Patent Office of the Patent Assignments for the following asserted patents: U.S. Patent Nos. 10,069,945; 10,075,564; 10,075,565; 9,923,995; and 9,923,996.

1387531

12.      Attached as **Exhibit N** is a true and correct copy of a printout of

https://www.cisco.com/c/en/us/about/contact-cisco.html, printed on July 28, 2020.  According to

this webpage, Cisco Systems, Inc.'s corporate headquarters are in San Jose, California.

13.      Attached as **Exhibit O** is a true and correct copy of the United States District

Court Federal Case Management Statistics – Profiles for the Western District of Texas and the

Northern District of California as of March 31, 2020, downloaded from

https://www.uscourts.gov/statistics-reports/federal-court-management-statistics-march-2020, on

July 22, 2020.

14.      Attached as **Exhibit P** is a true and correct copy of the MDL Statistics Report –

Distribution of Pending MDL Dockets by District, as of April 15, 2020, downloaded from

https://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_By_District-April-15-

2020.pdf, on August 5, 2020.  This report shows that 6,184 cases are aggregated in 20 MDLs

before the Northern District of California (obtained by adding together all of the "Actions Now

Pending" for MDLs in the "CAN" district), and no MDLs are pending before the Western

District of Texas.

15.      A review of data published by Lex Machina—which compiles information from

various district courts—indicates that the median time to trial over the last two years in civil

cases, from August 1, 2018 to July 27, 2020, is approximately 692 days for the Western District

of Texas and approximately 717 days for the Northern District of California.  Attached as

**Exhibit Q** is a true and correct copy of that Lex Machina data.

16.      A review of data published by Lex Machina indicates that the median time to trial

over the last ten years in patent cases, from August 1, 2010 to July 30, 2020, is approximately

854 days in the Northern District of California.  Lex Machina does not directly provide a median

3

value for the time to trial when there are 10 or fewer cases that have reached trial in the relevant time frame, and only 10 patent cases have reached trial in the Western District of Texas in the last ten years.  I used the online Lex Machina tool to determine that the fifth fastest time to trial out of the ten cases in this time frame was 769 days and the sixth fastest time to trial was 858 days.  The median value is thus the average of those two middle values, or 813.5 days.  Attached as **Exhibit R** is a true and correct copy of the Lex Machina data.

17.     A review of data published by Lex Machina indicates that 508 patent cases are currently pending before the Western District of Texas and 309 patent cases are currently pending before the Northern District of California as of August 6, 2020.  Attached as **Exhibit S** is a true and correct copy of that data.

18.     Attached as **Exhibit T** are true and correct copies of the complaints filed by Jenam Tech, LLC in *Jenam Tech, LLC v. LG Electronics, Inc., et al.*, No. 4:19-cv-00249-ALM-KPJ, and *Jenam Tech, LLC v. Samsung Electronics Co., Ltd. et al.*, No. 4:19-cv-00250-ALM-KPJ.  In these complaints, Jenam cites to the article *The QUIC Transport Protocol: Design and Internet-Scale Deployment*.  A true and correct copy of a printout of this article is included as **Exhibit U**, downloaded from
https://static.googleusercontent.com/media/research.google.com/en//pubs/archive/46403.pdf on July 24, 2020.  Former Google employees Jana Iyengar, Ryan Hamilton, Charles Krasic, and Jim Roskind are listed as authors on this article.

19.     Attached as **Exhibit V** are true and correct copies of Jenam Tech, LLC's Sur-Reply to Defendants' Reply in Opposition to Defendants' Motion to Transfer, filed by Jenam Tech in *Jenam Tech, LLC v. LG Electronics, Inc., et al.*, No. 4:19-cv-00249-ALM-KPJ, and *Jenam Tech, LLC v. Samsung Electronics Co., Ltd. et al.*, No. 4:19-cv-00250-ALM-KPJ.  On

4

pages 5 and 15 of Exhibit V, Jenam Tech states that Mr. Gordon is located Eastern District of Texas.  Attached as **Exhibit W** are true and correct copies of LG Electronics and Samsung's Notice of Supplemental Evidence in Support of Their Motion to Transfer Venue to the Northern District of California, filed by LG Electronics and Samsung in *Jenam Tech, LLC v. LG Electronics, Inc., et al.*, No. 4:19-cv-00249-ALM-KPJ, and *Jenam Tech, LLC v. Samsung Electronics Co., Ltd. et al.*, No. 4:19-cv-00250-ALM-KPJ.  Exhibit 1 to these filings are Jenam Tech, LLC's Responses and Objections to Defendants' First Set of Interrogatories.  On pages 22 and 52 of Exhibit W, Kevin Zilka is identified by Jenam Tech as a "person[] knowledgeable regarding prosecution of the patents in suit."

20.     Attached as **Exhibit X** is a true and correct copy of Exhibit C-2 to Defendant LG Electronics' Invalidity Contentions Pursuant to Patent Local Rules 3-3 and 3-4, served by LG Electronics in *Jenam Tech, LLC v. LG Electronics, Inc., et al.*, No. 4:19-cv-00249-ALM-KPJ.  Exhibit C-2 is entitled "Invalidity of U.S. Pat. No. 9,923,996 by Cisco 7200 Series Router."

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed in San Francisco, California on this 12th day of August 2020.

RYLEE KERCHER OLM

1387531