IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| JENAM TECH, LLC, | § § § § § § § § § § § | |
| Plaintiff, | | CIVIL ACTION No. 6:20-cv-00453-ADA |
| v. | | JURY TRIAL DEMANDED |
| GOOGLE LLC, | | |
| Defendant. | | |

**DEFENDANT GOOGLE LLC'S OPPOSED MOTION TO STAY PENDING TRANSFER**

Defendant Google LLC ("Google") respectfully requests a brief stay of all proceedings pending resolution of Google's Opposed Motion to Transfer Venue to the Northern District of California, ECF No. 25-1. As explained in Google's motion to transfer, this case involves a compelling set of facts that demonstrates that the Northern District of California is clearly a more convenient forum. The parties are currently engaged in venue discovery, and once venue discovery is completed the parties will finish the necessary briefing for the transfer motion.

"In determining whether a stay is proper, a district court should consider, among other factors, (1) the potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) judicial resources." *Neodron Ltd. v. Dell Techs.*, 2019 U.S. Dist. LEXIS 23309, *10 (W.D. Tex. Dec. 16, 2019) (Albright, J.) (citing *Yeti Coolers, LLC v. Home Depot U.S.A., Inc.,* 1:17-cv-342, 2018 WL 2122868, at *1 (W.D. Tex. Jan. 8, 2018) (Pitman, J.)). Here, all relevant factors favor the stay.

Plaintiff Jenam Tech, LLC ("Jenam") cannot argue any prejudice because its desire for broad venue discovery from Google, and its delay of several weeks in serving that discovery,

1613709

has substantially delayed briefing and a decision on the transfer motion.  Further, there is no question that this case is in its infancy since Jenam only determined which patent claims it is asserting in December[1] and non-venue discovery has not yet begun.  If this case is not stayed, Google will suffer unnecessary hardship from expending resources on invalidity contentions, discovery, and claim construction, which will be governed by different rules and procedures if this matter is transferred to another district and judge.  A stay will also conserve judicial resources by avoiding the time-intensive tasks of a *Markman* hearing and claim construction order.  Accordingly, all relevant factors favor a stay.

Moreover, the Federal Circuit has specified that district courts "must first address whether it is a proper and convenient venue before addressing any substantive portion of the case."  *In re Nintendo Co., Ltd.*, 544 F. App'x 934, 941 (Fed. Cir. 2013); *accord In re EMC Corp.*, 501 F. App'x 973, 975 (Fed. Cir. 2013) (stressing "the importance of addressing motions to transfer at the outset of litigation"); *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003) ("[The] motion [to transfer] should have taken a top priority in the handling of this case by the … District Court."); *McDonnell Douglas Corp. v. Polin*, 429 F.2d 30, 30-31 (3d Cir. 1970) (explaining that a "district court should not burden itself with the merits of the action" until a venue challenge is decided).  Thus, the pending transfer motion should take priority, and Google respectfully requests a short stay pending a decision on it.

---

[1] On December 4, 2020, Jenam finalized its selection of 65 asserted claims, as directed by the Court on August 28, 2020.  On January 8, 2021, Jenam further narrowed its claims and stated that it is no longer asserting claims 25, 28, and 29 of the 9,923,995 patent.

1

Dated:  January 22, 2021

Respectfully Submitted,

KEKER, VAN NEST & PETERS LLP

By: */s/ Matthew M. Werdegar, with permission by Michael E. Jones*
KEKER, VAN NEST & PETERS LLP
Robert A. Van Nest (CA Bar No. 084065)
Matthew M. Werdegar (CA Bar No. 200470)
Michelle S. Ybarra (CA Bar No. 260697)
Ryan K. Wong (CA Bar No. 267189)
Edward A. Bayley (CA Bar No. 267532)
Jason George (CA Bar No. 307707)
Katie Lynn Joyce (CA Bar No. 308263)
Rylee K. Olm (CA Bar No. 318550)
Kristin E. Hucek (CA Bar No. 321853)
633 Battery Street
San Francisco, CA 94111
Phone: (415) 391-5400
Fax:    (415) 397-7188
RVanNest@keker.com
MWerdegar@keker.com
MYbarra@keker.com
RWong@keker.com
EBayley@keker.com
JGeorge@keker.com
KJoyce@keker.com
ROlm@keker.com
KHucek@keker.com

POTTER MINTON
Michael E. Jones (TX Bar No. 10929400)
mikejones@potterminton.com
Patrick C. Clutter (TX Bar No. 24036374)
patrickclutter@potterminton.com
110 N. College, Suite 500
Tyler, Texas 75702
Tel: 903-597-8311
Fax: 903-593-0846

***Attorneys for Defendant Google LLC***

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(i), counsel for Defendant, Google LLC, conferred with counsel for Plaintiff, Jenam Tech LLC, in a good-faith effort to resolve the matter presented herein and counsel for Plaintiff stated that it opposed the motion.

*/s/ Matthew M. Werdegar, with permission by Michael E. Jones*
Matthew M. Werdegar

## CERTIFICATE OF SERVICE

The undersigned certifies that on January 22, 2021, I electronically filed this document with the Clerk of Court via the Court's CM/ECF system which will send notification of such filing to all counsel of record, all of whom have consented to electronic service in this action.

*/s/ Matthew M. Werdegar, with permission by Michael E. Jones*
Matthew M. Werdegar