UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| JENAM TECH, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Civil Action No.: 6:20-cv-00453-ADA<br><br>JURY TRIAL DEMANDED<br><br>PATENT CASE |

**PLAINTIFF JENAM TECH, LLC'S OPPOSITION TO DEFENDANT'S
<u>OPPOSED MOTION TO STAY PENDING TRANSFER</u>**

**I. INTRODUCTION**

On January 22, 2021, Defendant Google LLC ("Google") filed an Opposed Motion to Stay Pending Transfer. (Dkt. No. 48.) Plaintiff Jenam Tech, LLC ("Jenam") respectfully requests that the Court deny the motion because Google has not met its burden to establish that a clear harm or inequity will occur should this case proceed. Google has had Jenam's infringement contentions since August 2020, giving it a clear advantage and ample time to develop its case theory and invalidity contentions. Further, Google's dilatory tactics have delayed venue discovery and briefing, and consequently, the Court's ability to render a decision on Google's Opposed Motion to Transfer Venue to the Northern District of California (the "Motion to Transfer"). (*See* Dkt. No. 26.) Here, a stay would only compound Google's time advantage, while further prejudicing Jenam.

**II. ARGUMENT**

"Whether to stay a case falls within the Court's inherent discretional authority." *Neodron Ltd. v. Dell Techs.*, No. 1-19-CV-00819-ADA, 2019 U.S. Dist. LEXIS 233009, at *9 (W.D. Tex. Dec. 16, 2019) (denying the motion to stay). "Determining whether to issue a discretionary stay

calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at *9-10 (internal quotation marks omitted). "Ultimately, **the proponent has the burden** to make out a **clear case** of hardship or inequity in being required to go forward if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Id.* at *10.[1] "In determining whether a stay is proper, a district court should consider, among other factors, (1) the potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) judicial resources." *Id.* at *10.

Google's motion should be denied because Google has not met its exacting burden. To begin, a stay would be highly prejudicial to Jenam, especially in light of Google' dilatory practices. Google brazenly claims that "this case involves a compelling set of facts that demonstrates that the Northern District of California is clearly a more convenient forum." (Dkt. No. 48 at 1.)[2] Nothing could be further from the truth. Google's Motion to Transfer fails to establish that the Northern District of California is a more convenient forum, much less **clearly** so. Regardless, Google has delayed resolution of that motion. It has produced only scant venue discovery (including **no** documents despite Jenam's repeated narrowing of its requests for production). Moreover, Google's deficient venue discovery responses combined with publicly available information show that the majority of the factors considered under the venue transfer analysis either do not favor transfer or weigh against it. Google has not shown any likelihood of success in transfer.

Google further misstates the facts when it asserts that Jenam's "desire for broad venue discovery from Google, and its delay of several weeks in serving that discovery, has substantially

---

[1] Unless otherwise noted, all emphasis in this Brief has been added.

[2] Google's Motion to Stay is not properly paginated. To preserve accuracy, Jenam cites to page numbers from the Court-stamped headings.

2

delayed briefing and a decision on the transfer motion." (Dkt. No. 48 at 1-2.) From the time Jenam suggested limited venue discovery, Google acted as if it was entitled to pick and choose what venue discovery to accept, forcing Jenam to *revise drafts* of its venue discovery requests numerous times before even serving the discovery and then to make numerous narrowing concessions. Indeed, Jenam was forced to approach the Court for relief but Google has continued its dilatory practices by dragging out the meet and confer process requested by the Court.

In contrast, Jenam has been more than forthcoming with its venue discovery responses and has already supplemented them (for example, after obtaining permission to reveal third parties' confidential information). Yet, Google continues to press Jenam for information and documents that are, among other things, not responsive to Google's requests, privileged, and in many instances simply irrelevant. Jenam's position was summarized in the parties' joint statement to the Court regarding venue discovery, but Google has yet to finalize its side of that statement and instead has continued to make new requests for additional information. Google's dilatory tactics have substantially delayed, and continue to delay, the Court's ability to render a decision on Google's Motion to Transfer. Google has no basis to claim any harm at this stage.

Most importantly, Google cannot argue that without a stay it "will suffer unnecessary hardship from expending resources on invalidity contentions, discovery, and claim construction . . . ." (Dkt. No. 48 at 2.) Jenam commenced this suit *almost eight months* ago, on June 1, 2020. (Dkt. No. 1.) Google received Jenam's infringement contentions *over five months* ago, on August 21, 2020. Jenam narrowed the set of its asserted claims on December 4, 2020 at Google's request and this Court's guidance. In other words, Google had months upon months to develop its invalidity contentions and case theory. On information and belief, Google has already done that, as evidenced from Google's counsel Katie Lynn Joyce's letter to Jenam from

3

January 21, 2021.  That letter, spanning five pages single-spaced, listed numerous categories of alleged deficiencies (including scope of the accused products, reliance on non-Google documents, incorporation of other versions of QUIC, QUIC's relationship to TCP, and inadequate notice and patent-specific issues) and alluded to additional identified additional "problems" with Jenam's infringement contentions.  Thus, Google cannot claim hardship when all along it has had a clear time advantage over Jenam.  A stay would only compound Google's advantage.

The fact that Google has had Jenam's infringement contentions since August 21, 2020 also shows that this case is not "in its infancy."  (Dkt. No. 48 at 2.)  And Google's arguments that a stay would conserve judicial resources and that a motion to transfer should be decided before substantive issues (*id.* at 2) are to no avail.  Google has already expended this Court's resources by bringing its unwarranted Motion to Transfer and creating a venue discovery dispute.  Moreover, Google has moved this matter beyond the issue of transfer by, among other things, demanding to meet and confer with Jenam's counsel regarding alleged deficiencies in Jenam's infringement contentions and demanding that Jenam cure those alleged deficiencies.  That is a naked attempt to gain further advantage while prolonging the litigation.

The cases on which Google attempts to rely are inapposite and clearly distinguishable.  *Neodron, YETI*, and *EMC* **denied** motions to transfer.  *See Neodron*, 2019 U.S. Dist. LEXIS 233009; *YETI Coolers, LLC v. Home Depot U.S.A., Inc.*, No. 1:17-CV-342-RP, 2018 U.S. Dist. LEXIS 2806 (W.D. Tex. Jan. 8, 2018); *In re EMC Corp.*, 501 F. App'x 973, 976-77 (Fed. Cir. 2013) (denying as moot; discussing judicial economy only in the motion to transfer context).  In *McDonnell Douglas Corp. v. Polin*, 429 F.2d 30 (3d Cir. 1970), the district court's decision was contrary to the principal of judicial economy because the district court postponed consideration of the motion to transfer until after the close of discovery, which is clearly not the case here.

Moreover, *Horseshoe* did not deal with a motion to stay at all, and Google's quote concerns the district court's delay in issuing a decision on the motion to transfer.  *See In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003) ("For reasons not readily discernable from the record or the parties' briefing, the . . . District Court waited some 13 months until July 2002, to rule on Horseshoe's motion to transfer.").  Google cannot complain of delay here as it has drawn out venue discovery repeatedly over the past months.  Jenam has not been able to file its opposition brief because of this delay, thus the posture of this case is vastly different than *Horseshoe*.

In sum, Google has not met its burden.  While a stay will certainly benefit Google, it will only compound the prejudice that Jenam has already suffered.

### III.  CONCLUSION

For these reasons, Jenam asks that the Court deny Google's Motion to Stay.

Dated:  February 8, 2021.                    Respectfully submitted,

*/s/ Derek Dahlgren*
James Lennon (Bar No. 4570)
Timothy Devlin (Bar. No. 4241)
Derek Dahlgren (admitted *pro hac vice*)
Nadiia Loizides (admitted pro *hac vice*)
Devlin Law Firm LLC
1526 Gilpin Avenue
Wilmington, DE  19801
Telephone:  (302) 449-9010
jlennon@devlinlawfirm.com
tdevlin@devlinlawfirm.com
ddahlgren@devlinlawfirm.com
nloizides@devlinlawfirm.com

*Attorneys for Plaintiff*
*JENAM TECH, LLC*

## **CERTIFICATE OF SERVICE**

     I hereby certify that on February 8, 2021, I caused a copy of this document to be served by transmitting it via e-mail or electronic transmission to counsel of record for Defendant.

                                         */s/ Derek Dahlgren*
                                         Derek Dahlgren