# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| JENAM TECH, LLC, § | |
| § | |
| Plaintiff, § | CIVIL ACTION No. 6:20-cv-00453-ADA |
| § | |
| v. § | JURY TRIAL DEMANDED |
| § | |
| GOOGLE LLC, § | |
| § | |
| Defendant. § | |

## DEFENDANT GOOGLE LLC'S REPLY IN SUPPORT OF ITS OPPOSED
## MOTION TO STAY PENDING TRANSFER

1648500

**I.     INTRODUCTION**

Defendant Google LLC ("Google") has shown that a stay is necessary pending resolution of Google's Opposed Motion to Transfer Venue to the Northern District of California, ECF No. 25-1.  All relevant factors favor a stay until Google's transfer motion is resolved: (1) a stay will not prejudice Plaintiff Jenam Tech, LLC ("Jenam"); (2) Google will suffer unnecessary hardship and inequity if the action is not stayed; and (3) a stay is necessary to preserve judicial resources.  *See Neodron Ltd. v. Dell Techs.*, No. 1-19-cv-00903, 2019 U.S. Dist. LEXIS 233009, at *10 (W.D. Tex. Dec. 16, 2019).

Jenam's continued efforts to delay resolution of the pending transfer motion while pushing the case schedule forward further underscore the need for a stay.  Once Google filed its transfer motion, Jenam embarked on a campaign to impede its prompt resolution by making overly broad discovery requests, delaying the meet-and-confer process and its responses to Google's proposed compromises, and most recently refusing to agree to reasonable and proportional extensions of Google's obligations while it seeks to indefinitely delay filing its transfer-motion opposition brief.  Jenam's goal is transparent: delay any decision on the transfer motion, however meritorious Jenam knows it to be.  A stay will prevent these obstructionary practices, eliminate the incentive for Jenam to delay resolution of Google's transfer motion, and allow the Court to resolve the transfer motion before any further unnecessary resources are spent.

**II.    ARGUMENT**

    **A.     A stay will not prejudice Jenam.**

Jenam claims that it will suffer prejudice because Google allegedly has sought to delay venue discovery and the briefing of the transfer motion.  *See* Plaintiff's Opposition to

Defendant's Opposed Motion to Stay Pending Transfer, ECF No. 52 ("Oppo."). But it is *Jenam*—not Google—who bears responsibility for that delay.

Google filed its motion to transfer on August 12, 2020, well before the Court's deadline for such a motion. Jenam did not provide Google with draft venue discovery requests relating to the transfer motion until August 24, 2020, and its draft requests—spread across twenty-four requests for production and eight interrogatories—were overly broad, unduly burdensome, and sought information that was neither relevant nor proportional to the motion. Further, the majority of these requests were improperly compound, were not limited to the jurisdictions relevant to transfer, were not limited to a reasonable time period, and improperly sought information about *all* Google products untethered to the accused functionality. Google's attempts to promptly meet and confer with Jenam regarding these requests were rebuffed by Jenam's frequent failure to respond to Google's correspondence in a fulsome or timely manner. For instance, in September 2020, Jenam took *seventeen days* to respond to meet-and-confer correspondence from Google regarding its concerns with Jenam's draft discovery requests—and when Jenam finally responded, it simply refused to narrow any of its requests.

Jenam did not officially serve any venue discovery requests until October 9, 2020, nearly two months after Google filed its transfer motion. These requests were similarly overly broad and included new requests that had not been mentioned during the parties' prior venue discovery discussions. Google timely served its responses to these requests on November 2, 2020. Two weeks later, just a few days before the deadline for Jenam to file its opposition to Google's motion to transfer, Jenam alleged for the first time that essentially all of Google's discovery responses were deficient. Despite numerous attempts to meet and confer to narrow the outstanding disputes, and despite Google providing supplemental responsive information

to Jenam in an attempt to resolve those disputes, Jenam refused to materially narrow its discovery requests. It was only when Jenam contacted the Court on December 22, 2020, the same day that Jenam's opposition to Google's motion to transfer was due to be filed, that Jenam finally offered to materially narrow the additional venue discovery it sought from Google. Jenam did not provide its positions to Google in a draft joint statement, as directed by the Court, until January 14, 2021. Since then, Google has been diligently working to finalize the joint statement for submission to the Court, but Jenam revised its positions in the joint statement as recently as February 12, 2021, requiring Google to likewise revise its responses.[1]

Finally, it is clearly in Google's interest to resolve the transfer motion promptly so that this dispute can be transferred before Google is forced to expend additional resources litigating this case in the Western District of Texas. Google has always maintained that Jenam's venue discovery requests are unnecessary because the accused functionality has no connection to Texas. *See* Declaration of Melissa Harrell in Support of Google's Motion to Transfer Venue, ECF No. 25-2. Google was forced to file a motion to stay because, despite Google's prompt filing of its transfer motion, Jenam's dilatory tactics continue to prevent the parties from completing the motion to transfer briefing. Jenam cannot reasonably claim that a stay would be prejudicial where its own conduct is prolonging the resolution of the transfer motion.

**B.      Google will suffer unnecessary hardship if the action is not stayed.**

If this case is not stayed, Google will suffer unnecessary hardship from expending resources on invalidity contentions, discovery, and claim construction. Jenam concedes that this

---

[1] There are also outstanding disputes related to Jenam's venue discovery responses. In December 2020, Google discovered that Jenam had omitted material information from its responses, leading Jenam to serve amended responses on February 2, 2021. The related information Google is seeking now is responsive to Google's requests and relevant to the transfer analysis.

1648500

is true, as its opposition says nothing about Google's arguments regarding discovery and claim construction, and instead narrowly argues that Google has had months to develop its invalidity contentions because Jenam served its infringement contentions on August 21, 2020.  *See* Oppo. at 3-4.  But Jenam conveniently omits the fact that those infringement contentions included ***455 asserted claims*** spread across eight patents, which was an unreasonable number of claims.

Indeed, during the case management conference on August 28, 2020, the Court ordered Jenam to narrow its claims to approximately 65 claims.  *See* ECF No. 35.  In response, Jenam represented to the Court that it would need access to Google's non-public source code to narrow its claims, *see id.*, thus Google made that source code available for Jenam's review.  Jenam, however, never bothered to review that source code.  Instead, after Google made its non-public source code available for several months, Jenam conceded that it did not need access to it for the purposes of narrowing its asserted claims.  Jenam then waited until December 4, 2020 to narrow its asserted claims to 65 claims—more than ***three months*** after the Court's claim-narrowing order and relying on publicly available information that was available to Jenam before filing its complaint.  Thus, due to Jenam's unnecessary delay in narrowing its asserted claims, Google has only recently been able to develop its invalidity contentions and related claim-specific defenses.

Further, Jenam's infringement contentions are impermissibly vague and contain numerous deficiencies, and its amended contentions—served on February 12, 2021—do not resolve the issues identified by Google.[2]  A stay of this action pending resolution of Google's transfer motion would allow Google to avoid litigating the infringement contentions' deficiencies and limit the resources Google is being forced to expend on invalidity contentions,

---

[2] Moreover, Jenam's amended infringement contentions were not based on newly identified material, thus amendment without leave of court was improper.

discovery, and claim construction—all of which will be governed by different procedural and local patent rules if this matter is transferred to the Northern District of California.

### C. A stay is necessary to preserve judicial resources.

A stay will conserve judicial resources by avoiding the time-intensive tasks of a *Markman* hearing and claim construction order. Jenam does not address this argument and instead claims that Google chose to move this matter beyond transfer and to discuss the merits by requesting that Jenam cure the deficiencies in its infringement contentions. But Jenam ignores the fact that this is exactly why a stay is needed—if a stay was in place, Google and the Court would not need to devote resources on substantive issues, and could focus entirely on resolving the transfer motion. Without a stay in place, Google and the Court are required to keep pace with upcoming substantive deadlines, which is a waste of both party and judicial resources.

As set forth in Google's motion to transfer, the Northern District of California is clearly a more convenient forum, and Google anticipates that this case will ultimately be transferred. Venue discovery has confirmed this and shown that there are ***no*** party or non-party witnesses in the Western District of Texas. Venue discovery also indicates that Jenam has no connection to Western Texas and is effectively controlled by an individual who resides in Northern California.

Moreover, district courts should first address a motion to transfer before addressing any substantive portion of the case. *See, e.g.*, *In re Nintendo Co., Ltd.*, 544 F. App'x 934, 941 (Fed. Cir. 2013); *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003); *McDonnell Douglas Corp. v. Polin*, 429 F.2d 30, 30-31 (3d Cir. 1970). Jenam's attempts to factually distinguish the cases cited by Google ignores that this is well-settled law.

### III. CONCLUSION

For these reasons, Google asks that the Court grant Google's motion to stay.

5

| | |
|---|---|
| Dated:  February 23, 2021 | Respectfully Submitted,<br><br>KEKER, VAN NEST & PETERS LLP<br><br>By:  */s/ Matthew M. Werdegar, with permission by <u>Michael E. Jones</u>*<br>KEKER, VAN NEST & PETERS LLP<br>Robert A. Van Nest (CA Bar No. 084065)<br>Matthew M. Werdegar (CA Bar No. 200470)<br>Michelle S. Ybarra (CA Bar No. 260697)<br>Ryan K. Wong (CA Bar No. 267189)<br>Edward A. Bayley (CA Bar No. 267532)<br>Jason George (CA Bar No. 307707)<br>Katie Lynn Joyce (CA Bar No. 308263)<br>Rylee K. Olm (CA Bar No. 318550)<br>Kristin E. Hucek (CA Bar No. 321853)<br>633 Battery Street<br>San Francisco, CA 94111<br>Phone: (415) 391-5400<br>Fax:    (415) 397-7188<br>RVanNest@keker.com<br>MWerdegar@keker.com<br>MYbarra@keker.com<br>RWong@keker.com<br>EBayley@keker.com<br>JGeorge@keker.com<br>KJoyce@keker.com<br>ROlm@keker.com<br>KHucek@keker.com<br><br><br>POTTER MINTON<br>Michael E. Jones (TX Bar No. 10929400)<br>mikejones@potterminton.com<br>Patrick C. Clutter (TX Bar No. 24036374)<br>patrickclutter@potterminton.com<br>110 N. College, Suite 500<br>Tyler, Texas 75702<br>Tel: 903-597-8311<br>Fax: 903-593-0846<br><br>***Attorneys for Defendant<br>Google LLC*** |

## CERTIFICATE OF SERVICE

      The undersigned certifies that on February 23, 2021, I electronically filed this document with the Clerk of Court via the Court's CM/ECF system which will send notification of such filing to all counsel of record, all of whom have consented to electronic service in this action.

                                                            */s/ Michael E. Jones*

1648500