# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| **JENAM TECH, LLC,** | § | |
| *Plaintiff,* | § | |
| | § | |
| *v.* | § | **6-20-CV-00453-ADA** |
| | § | |
| **GOOGLE LLC,** | § | |
| *Defendant.* | § | |
| | § | |

## ORDER DENYING MOTION TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA

Came on for consideration this date is Defendant Google LLC's Motion to Transfer to the Northern District of California ("NDCA") pursuant to 28 U.S.C. § 1404(a). Def.'s Motion, ECF No. 27. The Court has considered the Motion, the Parties' briefs, oral argument, and the applicable law. For the reasons set forth below, the Court **DENIES** Defendant Google's Motion to Transfer.

## I. INTRODUCTION

A party seeking a transfer to an allegedly more convenient forum carries a significant burden. *Babbage Holdings, LLC v. 505 Games (U.S.), Inc.,* No. 2:13-CV-749, 2014 U.S. Dist. LEXIS 139195, at *12–14 (E.D. Tex. Oct. 1, 2014) (stating the movant has the "evidentiary burden" to establish "that the desired forum is clearly more convenient than the forum where the case was filed"). Google does not contest that venue is proper in the Western District of Texas ("WDTX"). Pl.'s Resp., ECF No. 58, at 3. The burden that a movant must carry is not that the alternative venue is more convenient, but that it is clearly more convenient. *In re Volkswagen, Inc.*, 545 F.3d 304, 314 n. 10 (5th Cir. 2008) (hereinafter "*Volkswagen II*"). Google moved to have this case transferred to the NDCA. This Court finds that Google fails to show that transfer is warranted.

## II. LEGAL STANDARD

### A. Section 1404 Transfer

Title 28 U.S.C. § 1404(a) provides that, for the convenience of parties and witnesses, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented. "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). The party moving for transfer carries the burden of showing good cause. *Volkswagen II*, 545 F.3d at 314. "In this context, showing good cause requires the moving party to 'clearly demonstrate that a transfer is for the convenience of parties and witnesses [and] in the interest of justice.'" *State of Texas et al. v. Google LLC,* No. 4:20-CV-957-SDJ, 2021 WL 2043184, at *2 (E.D. Tex. May 20, 2021) (citing *Humble Oil & Refin. Co. v. Bell Marine Serv., Inc.,* 321 F.2d 53, 56).

"The preliminary question under § 1404(a) is whether a civil action 'might have been brought' in the destination venue." *Volkswagen II*, 545 F.3d at 312. If so, in the Fifth Circuit, the "[t]he determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight." *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004). The private factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (hereinafter "*Volkswagen I*") (citing *Piper Aircraft Co. v. Reyno*, 454 U.S.

235, 241 n.6 (1982)). The public factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.* Courts evaluate these factors based on "the situation which existed when suit was instituted." *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960).

A plaintiff's choice of venue is not an independent factor in the venue transfer analysis, and courts must not give inordinate weight to a plaintiff's choice of venue. *Volkswagen II*, 545 F.3d at 313 ("[W]hile a plaintiff has the privilege of filing his claims in any judicial division appropriate under the general venue statute, § 1404(a) tempers the effects of the exercise of this privilege."). However, "when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected." *Id.* at 315; *see also QR Spex, Inc. v. Motorola, Inc.*, 507 F.Supp.2d 650, 664 (E.D. Tex. 2007) (characterizing movant's burden under § 1404(a) as "heavy").

### III. BACKGROUND

Google is incorporated in the state of Delaware with its corporate headquarters located in Mountain View, California. Def.'s Mot. at 1. Google also has several offices in this District, one of which is located at 500 West 2nd Street, Austin, Texas 78701. Pl.'s Compl., ECF No. 1 at ¶ 6. Jenam is a limited liability company incorporated in Texas with its principal place of business at 211 West Tyler Street, Suite C, Longview, Texas, 75601. Pl.'s Compl. at ¶ 1.

Jenam filed this lawsuit on June 1, 2020, alleging infringement of U.S. Patent Nos. 10,069,945; 10,075,564; 10,075,565; 10,375,215; 10,306,026; 9,923,995; 9,923,996; and 10,742,774. Pl.'s Compl. at 6–11. Each of the Asserted Patents relates to methods, systems, and

computer program products for sharing information for detecting an idle TCP connection. *Id.* at 3–6. Specifically, Jenam alleges that Google infringes the asserted patents through its use of the QUIC protocol present in various devices that Google develops and sells. *See generally* Pl.'s Compl.; Pl's Resp. at 5–6.

On August 14, 2020, Google filed this Motion to Transfer Venue under 28 U.S.C. § 1404(a) requesting that the case be transferred to the Northern District of California ("NDCA"). Def.'s Mot. at 1. Google argues that the NDCA is a clearly more convenient venue than the Western District of Texas ("WDTX"). *Id.* In support of this argument, Google asserts that "there no Google employee responsible for Google's QUIC protocol anywhere in the state of Texas." *Id.*

On March 20, 2021, Jenam filed a response arguing that Google did not meet its burden of proving that the NDCA is a clearly more convenient venue than the WDTX. Pl.'s Resp. at 1. Google filed a reply on March 26, 2021. Def.'s Reply, ECF No. 63. The Court heard oral argument on Defendant's Motion to Transfer on April 27, 2021. Mot. Hrng. Tr., ECF No. 90.

## IV. ANALYSIS

The threshold determination in the § 1404 analysis is whether this case could have been brought in the NDCA. Neither party contests the fact that venue is proper in the NDCA and that this case could have been brought there. Def.'s Mot. at 7; Pl.'s Resp. at 8.

### A. The Private Interest Factors Weigh Against Transfer.

#### i. The Relative Ease of Access to Sources of Proof

"In considering the relative ease of access to proof, a court looks to where documentary evidence, such as documents and physical evidence, is stored." *Fintiv Inc. v. Apple Inc.*, 2019 WL 4743678, at *2. "[T]he question is *relative* ease of access, not *absolute* ease of access." *In re*

*Radmax*, 720 F.3d 285, 288 (5th Cir. 2013) (emphases in original). "In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Apple Inc.*, 979 F.3d 1332, 1340 (Fed. Cir. 2020) (citing *In re Genentech*, 566 F.3d at 1345). Here, the Court finds that the location of electronic documents is neutral, and that the location of physical documents weighs slightly in favor of transfer.

*1. Witnesses Are Not Sources of Proof*

Google discusses various witnesses as sources of proof. *See* Def.'s Mot. at 9–10. Pl.'s Resp. at 11–16; Def.'s Reply at 2–6. This Court, in following Federal Circuit precedent, has made clear that witnesses are not sources of proof to be analyzed under this factor. Under this factor, the Court considers only documents and physical evidence. *Netlist, Inc. v. SK Hynix Am. Inc.,* No. 6:20-CV-00194-ADA, 2021 U.S. Dist. LEXIS 47242, at *17 (W.D. Tex. 2021) ("The first private factor, ease of access to sources of proof, considers 'documents and physical evidence' *as opposed to witnesses.*") (emphasis added); *In Re Apple Inc.*, 979 F.3d at 1339 ("[t]his factor relates to the ease of access to non-witness evidence, such as documents and other physical evidence"); *Volkswagen II*, 545 F.3d at 315 ("All of the documents and physical evidence relating to the accident are located in the Dallas Division"). Accordingly, Google's identified witnesses are more appropriately assessed under the second or third private factors and not under this factor.

*2. Location of Electronic Documents*

In several previous orders, this Court has lamented this factor as out of touch with modern patent litigation. *Fintiv*, 2019 WL 4743678, at *8; *Uniloc 2017 LLC v. Apple Inc.,* 6-19-CV-00532-ADA, 2020 WL 3415880, at *9 (W.D. Tex. June 22, 2020). In those cases, the Court

acknowledged that "all (or nearly all) produced documents exist as electronic documents on a party's server. Then, with a click of a mouse or a few keystrokes, the party produces these documents." *Id.* There is no realistic difference in the relative ease of access to these electronic documents from the transferor district as compared to the transferee district since the documents are easily accessible electronically. Other courts in the Fifth Circuit similarly found that access to documents that are available electronically provides little benefit in determining whether a particular venue is more convenient than another. *See Uniloc USA Inc. v. Samsung Elecs. Am.*, No. 2:16-cv-642-JRG, 2017 U.S. Dist. LEXIS 229560, at *17 (E.D. Tex. Apr. 19, 2017) ("Despite the absence of newer cases acknowledging that in today's digital world computer stored documents are readily moveable to almost anywhere at the click of a mouse, the Court finds it odd to ignore this reality in favor of a fictional analysis that has more to do with early Xerox machines than modern server forms.").

Nevertheless, until the Fifth Circuit addresses the reality previously discussed, trial courts must continue to apply this factor consistent with current precedent. Fifth Circuit precedent establishes that Google, as the accused infringer, will likely have the bulk of the documents that are relevant in this case. *See, e.g., In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) ("In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location."). However, *Genentech* does not provide an accused infringer with a "built-in factor weighing in its favor." *See Uniloc USA, Inc. et al v. Apple Inc*, No. 2:17-cv-258, ECF No. 104, at 12 (E.D. Tex. Dec. 22, 2017).

Under current Fifth Circuit precedent, the physical location of electronic documents does affect the outcome of this factor. *See Volkswagen II*, 545 F.3d at 316. Google argues that

electronic documents are "created and maintained" in the NDCA. Def.'s Mot. at 8–9. Jenam counters that, during discovery, Google admitted that "maintaining" merely involves updating the electronic documents from time to time. Pl.'s Resp. at 8. Jenam argues that Google has not provided evidence that the documents are stored in a physical place, such as a data server, in the NDCA. *See generally* Def.'s Mot.; Pl.'s Resp. at 8. Jenam goes on to assert that, as the Eastern District determined in *Seven Networks*, Google only "manages" its servers in the NDCA and does not store any data servers there. Pl.'s Resp. at 8 (citing *Seven Networks, LLC v. Google LLC*, No. 2:17-CV-00442-JRG, 2018 U.S. Dist. LEXIS 146375 at \*10 (E.D. Tex. 2018)).

Under this factor, the movant carries the burden of identifying "sources of proof with enough specificity that a court can determine whether transfer will increase the convenience of the parties." *MacroPoint, LLC v. Ruiz Food Prods.*, No. 6:16-cv-01133-RWS-KNM, 2017 U.S. Dist. LEXIS 138985 at \*5 (E.D. Tex. 2017) (quoting *J2 Glob. Commc'ns, Inc. v. Protus IP Solutions, Inc.*, 2009 U.S. Dist. LEXIS 13210, 2009 WL 440525, at \*2 (E.D. Tex. Feb. 20, 2009)). Google has failed to identify which data centers store the relevant electronic documents in question, and where these data centers are located. *See generally* Def.'s Mot. Therefore, Google has failed to meet its evidentiary burden to show that the location of any electronic sources of proof would weigh in favor of transfer.

In its Reply, Google mentions that local copies of relevant electronic documents are located in the NDCA. Def.'s Reply at 2–3. However, as Jenam points out, Google has not provided evidence that it would be more difficult to access these documents from its offices in the WDTX than its offices in the NDCA. Pl.'s Resp. at 9.

Because no evidence exists showing that the relevant electronic documents in this case are stored in the NDCA, and because there does not appear to be a difference in the ease of

accessibility of the electronic documents between the transferee and transferor districts, this factor is neutral.

*3. Location of Physical Documents*

Aside from hard copies of documents already available electronically, Google does not point with particularity to any relevant physical documents, nor does it confirm the existence of any physical documents located in the NDCA. Def.'s Mot. at 8–9. Therefore, the Court is not persuaded that the location of any physical documents would weigh in favor of transfer to the NDCA.

Jenam argues that it has evidence in the form of physical documents which are located in Texas. Pl.'s Resp. at 10. Specifically, Jenam points to physical documents stored in Mr. Gordon's office in Longview and Mr. Caldwell's office in Dallas. *Id.* Jenam contends that it would be more convenient for these documents to be transported to the WDTX than to the NDCA. *Id*. Google contends that these physical documents should not be given any weight in the Court's analysis because Mr. Caldwell mentioned during his deposition that he was unsure if he had any physical documents relating to this case. Def.'s Reply at 10. However, Google did not argue that the existence of any physical documents belonging to Mr. Gordon was in question. *See generally* Def.'s Reply.

The Court agrees with Jenam that it would be more convenient for the physical documents relevant to this case to be transported the WDTX than to the NDCA. Therefore, the relative ease of access to sources of proof in this case weighs solidly against transfer.

### ii. The Availability of Compulsory Process to Secure the Attendance of Witnesses

"In this factor, the Court considers the availability of compulsory process to secure the attendance of witnesses, particularly non-party witnesses whose attendance may need to be

secured by a court order." *Fintiv*, 2019 WL 4743678, at *5 (citing *Volkswagen II*, 545 F.3d at 316); *Uniloc,* 2020 WL 3415880, at *10. This factor "weigh[s] heavily in favor of transfer when more third-party witnesses reside within the transferee venue than reside in the transferor venue." *In re Apple, Inc.*, 581 F.App'x. 886, 889 (Fed. Cir. 2014). A court may subpoena a witness to attend trial only (a) "within 100 miles of where the person resides, is employed, or regularly transacts business in person,"; or (b) "within the state where the person resides, is employed, or regularly transacts business in person, if the person . . . is commanded to attend a trial and would not incur substantial expense." Fed. R. Civ. P. 45(c)(1)(A), (B)(ii); *Gemalto S.A. v. CPI Card Grp. Inc.*, No. 15-CA-0910, 2015 WL 10818740, at *4 (W.D. Tex. Dec. 16, 2015). As party witnesses almost invariably attend trial willingly, "[w]hen no party has alleged or shown any witness's unwillingness, a court should not attach much weight to the compulsory process factor." *CloudofChange, LLC v. NCR Corp.*, No. 6-19-cv-00513 (W.D. Tex. Mar. 17, 2020) (citation omitted). Moreover, the ability to compel live trial testimony is crucial for evaluating a witnesses' testimony. *Aguilar-Ayala v. Ruiz*, 973 F.2d 411, 419 (5th Cir. 1992).

Google argues that the NDCA could compel certain third-party witnesses to testify at trial, while this court cannot. Def.'s Mot. at 10. Google's identifies five potentially relevant third-party witnesses located in the NDCA— Mr. Iyengar, Mr. Hamilton, Mr. Krasic, Mr. Roskind, and Mr. Zilka. *Id*. at 11.

In its motion, Google attempts to "double-dip" the five individual witnesses by discussing them under both the willing and unwilling witness factors. Def.'s Mot. at 10–12; Def.'s Reply at 3–5. However, with respect to Mr. Hamilton, Mr. Krasic, Mr. Roskind, and Mr. Zilka, Google has failed to establish that these witnesses would be unwilling to testify at trial in the WDTX. *See generally* Def.'s Mot.; Pl.'s Resp. at 11. Google argues that Jenam has not

shown that any of these witnesses would be willing to testify in the WDTX. Def.'s Reply at 3. However, it is well-settled that it is the burden of the party seeking transfer to show that the witnesses would be unwilling to travel. *See, e.g., Uniloc United States v. Huawei Device United States,* No. 2:17-CV-00736-JRG-RSP, 2018 U.S. Dist. LEXIS 234545, at *8 (E.D. Tex. 2018) (citing *In re Apple, Inc.*, 581 F. App'x 886, 891 (Fed. Cir. 2014) (Bryson, J., Dissenting)). Moreover, hypothetical scenarios of unwillingness are not evidence of unwillingness. *Turner v. Cincinnati Insurance Co*., No. 6:19-cv-642, 2020 WL 210809, at *3 (W.D. Tex. Jan. 14, 2020). (This private interest factor carries far less weight when the movant has not alleged or shown that any witnesses are unwilling to testify.). The Court will therefore consider these four witnesses under the factor examining the convenience of willing witnesses.

Jenam points out that Mr. Caldwell, the prosecuting attorney for the Asserted Patents, is within the subpoena power of this Court. Pl.'s Resp. at 12. However, because Jenam has not provided evidence that Mr. Caldwell would be unwilling to testify in the WDTX, Mr. Caldwell will not be considered in the Court's analysis of this factor and will instead be analyzed as a willing witness.

Google also asserts that Cisco Systems could be a relevant prior art source and has its principal place of business in the NDCA. Def.'s Mot. at 11. In response, Jenam argues that many Cisco employees with relevant knowledge of the prior art are located within the WDTX. Pl.'s Resp. at 12.

*1. Prior Art Witnesses*

This Court has placed minimal weight on the location of prior art witnesses stating, "prior art witnesses are very unlikely to testify" so "the Court gives their location 'minimal' weight."

*Fintiv*, 2019 WL 4743678, at \*5 (citing *E. Tex. Boot Co., LLC v. Nike, Inc.*, No. 2:16-CV-0290-JRG-RSP, 2017 WL 2859065, at \*4 (E.D. Tex. Feb. 15, 2017)).

When considering the location of the potential prior art witnesses in this case, the Court is not persuaded that one forum would be more convenient than the other. The only named prior art witness in this case, Cisco, has employees with relevant knowledge in both districts. Pl.'s Resp. at 12. As such, the Court finds that prior art witnesses are equally subject to the compulsory process in both Districts and do not have an effect on this factor.

*2. Individual Witnesses*

Mr. Iyengar is the only potential third-party witness who is "likely unwilling to testify in Texas." Def.'s Reply at 3; Iyengar Decl. at ¶ 6, ECF No. 26-2. In response, Jenam notes that Mr. Iyengar has traveled to the WDTX before, while employed at Google. Pl.'s Resp. at 11. Courts in the Fifth Circuit have held that "[i]dentifying a potential pool of likely unwilling witnesses has some probative value in determining convenience." *Texas v. Google LLC*, No. 4:20-CV-957-SDJ, 2021 U.S. Dist. LEXIS 96586, at \*15 (E.D. Tex. 2021). Therefore, this Court finds that Mr. Iyengar's likely unwillingness to testify provides only "some probative value in determining convenience" and weighs only slightly in favor of transfer.

Because Google has only identified a single witness who is "likely unwilling" to testify in Texas, this factor overall slightly favors transfer.

### iii. The Cost of Attendance for Willing Witnesses

"The convenience of witnesses is the single most important factor in the transfer analysis." *Fintiv*, 2019 WL 4743678, at \*6. The Court should consider all potential material and relevant witnesses. *See Alacritech Inc. v. CenturyLink, Inc.*, No. 2:16-cv-693, 2017 WL 4155236, at \*5 (E.D. Tex. Sept. 19, 2017).

As the Eastern District of Texas has recognized, "it is obviously more convenient for witnesses to testify closer to home, and additional distance means additional travel, meal, and lodging costs, as well as additional time away from the witnesses' regular employment." *Texas et al. v. Google LLC*, No. 4:20-CV-957-SDJ, 2021 WL 2043184, at *4 (E.D. Tex. May 20, 2021) (citing *Volkswagen*, 545 F.3d at 317). The Fifth Circuit's 100-mile rule states that "[w]hen the distance between an existing venue for trial of a matter and a proposed venue § 1404(a) is more than 100 miles, the factor of inconvenience of witnesses increases in direct relationship to the additional distance to be traveled." *In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008) (quoting *Volkswagen I*, 371 F.3d at 204–05). "Significantly, this factor relates primarily to the inconvenience placed on willing nonparty witnesses, not party witnesses." *Texas et al. v. Google LLC*, 2021 WL 2043184 at *4*; *Seven Networks*, 2018 WL 4026760, at *9 (collecting cases); *Frederick v. Advanced Fin. Sols., Inc.*, 558 F.Supp.2d 699, 704 (E.D. Tex. 2007) ("The availability and convenience of party-witnesses is generally insignificant because a transfer based on this factor would only shift the inconvenience from movant to nonmovant."). As a preliminary matter, given typical time limits at trial, the Court does not assume that all of the party and third-party witnesses listed in 1404(a) briefing will testify at trial. *Fintiv*, 2019 WL 4743678, at *6. Rather, in addition to the party's experts, the Court assumes that no more than a few party witnesses—and even fewer third-party witnesses, if any—will testify live at trial. *Id.* Therefore, long lists of potential party and third-party witnesses do not affect the Court's analysis for this factor. *Id.*

Google names Mr. Astithas and Mr. Schinazi as party witnesses residing in the NDCA. Def.'s Mot. at 9. Jenam names Mr. Gordon, who resides in Frisco, TX, as its party witness. Pl.'s Resp. at 3. When assessing the convenience of a transfer, a mere shift of inconvenience from one

party's witnesses to the other party's witnesses is not enough to favor transfer. *Tapia v. Dugger*, Civil Action No. SA-06-CA-0147-XR, 2006 U.S. Dist. LEXIS 69356, at *14 (W.D. Tex. 2006) (citing *Dupre v. Spanier Marine Corp.*, 810 F.Supp. 823, 826 (S.D. Tex. 1993)). This Court finds that "the inconvenience to Google's party witnesses if the case was not transferred would generally be the same as the inconvenience to [Jenam]'s party witnesses if the case was transferred[.]" *Texas et al. v. Google LLC*, 2021 WL 2043184 at *4; *Seven Networks*, 2018 WL 4026760, at *12. Therefore, this factor is neutral with respect to party witnesses.

Google names Mr. Hamilton, Mr. Krasic, and Mr. Roskind, former Google employees who worked on QUIC related projects, as non-party witnesses present in the NDCA. Def.'s Mot. at 12. Google also mentions that Mr. Zilka, who was involved in the prosecution, drafting of infringement notices, and licensing of the Asserted Patents, is located in the NDCA. Def.'s Reply at 4.

Jenam argues that, as the inventor, Mr. Morris is the most important non-party witness. Pl.'s Resp. at 17. Because Mr. Morris lives in Georgia, he would be less inconvenienced by the 900 mile trip to Waco, Texas than by a 2,600 mile trip to the NDCA. *Id*. A transfer would also inconvenience Mr. Caldwell, who prosecuted the Asserted Patents and is located in Dallas, Texas. *Id*.

Google argues that Mr. Morris has not agreed to appear at trial willingly, and thus should be discounted under this factor. Def.'s Reply at 5. However, Jenam makes clear that Mr. Morris's objections to appearance at trial are due to the COVID-19 pandemic, and that he has agreed to appear at trial when conditions change. Pl.'s Resp. at 3. Moreover, in oral argument, Jenam represented to the Court that Mr. Morris would be willing to testify at trial in Waco. Mot. Hrng. Tr., ECF No. 90 at 20.

In the past, this Court has held that "[b]ecause inventors' testimony is extremely important, inventors are key witnesses and the Court gives greater weight to their convenience." *VLSI Tech. LLC v. Intel Corp.*, No. 6:19-CV-00254-ADA, 2019 U.S. Dist. LEXIS 227809 at *13 (W.D. Tex. 2019) (citing *Mid-Continent Cas. Co. v. Petroleum Sols., Inc.*, 629 F. Supp. 2d 759, 762 (S.D. Tex. 2009)). In addition, a convenience analysis under §1404(a) is not a "battle of numbers." *Tapia v. Dugger*, 2006 U.S. Dist. LEXIS 69356, at *15 (W.D. Tex. 2006) (citing *Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757, 777 (E.D. Tex. 2000)). In this case, the Court finds that, because Mr. Morris is the sole inventor of the Asserted Patents, the importance of Mr. Morris's testimony outweighs the testimony of Google's former employees.

Google also argues that because Mr. Morris and Mr. Caldwell are located outside the WDTX and the NDCA, that they should not be included in the Court's analysis of this factor. Def.'s Reply at 5 (citing *In re Genentech*, 566 F.3d 1338, at 1344). However, the Fifth Circuit's 100-mile rule, that "the factor of inconvenience of witnesses increases in direct relationship to the additional distance to be traveled," is indeed applicable to witnesses who reside outside both forums. *Volkswagen I*, 371 F.3d at 204–05; *Precis Grp., LLC v. TracFone Wireless, Inc.*, No. 6-20-CV-00303-ADA, 2021 U.S. Dist. LEXIS 45644 at *18–19 (W.D. Tex. 2021) (including witnesses from Arizona and Minnesota in an analysis of convenience between the WDTX and the Southern District of Florida); *Phil-Insul Corp. v. Reward Wall Sys.*, No. 6:11cv53 LED-JDL, 2012 U.S. Dist. LEXIS 114493 at *9 (E.D. Tex. 2012) (considering the convenience of witnesses flying from Ontario, Canada in a transfer from Tyler, Texas to Omaha, Nebraska); *Rembrandt Wireless Techs., LP v. Apple Inc.*, No. 2:19-CV-00025-JRG, 2019 U.S. Dist. LEXIS 205694 at *5 (E.D. Tex. 2019) (including sources of proof from California, Pennsylvania, and Florida in its

analysis of convenience between the Eastern District of Texas and the Central District of California).

Moreover, this case is distinguishable from *In Re Apple Inc.*, where the Federal Circuit held that a venue transfer to the NDCA would not significantly change the inconvenience of witnesses flying to the WDTX from New York. *In re Apple Inc.*, 979 F.3d 1332, 1342 (Fed. Cir. 2020). In that case, the Federal Circuit determined that "although a flight from New York to WDTX might take a bit less time than from New York to NDCA, in either instance these individuals will likely have to leave home for an extended period of time and incur travel, lodging, and related costs". *Id.* Unlike the witnesses from New York in that case, neither Mr. Caldwell nor Mr. Morris are travelling further than 1,000 miles. Pl.'s Resp. at 3–4. Mr. Caldwell is located in the same state as the WDTX. Pl.'s at 4. Mr. Morris resides in Georgia and intends to drive to trial. Pl.'s Resp. at 3. The additional travel, lodging, and related costs that Mr. Morris will incur with a 2,600-mile drive to the NDCA over a shorter, 900-mile trip to the WDTX amount to a significant difference of convenience. Therefore, this Court finds it proper to include Mr. Caldwell and Mr. Morris in its analysis of this convenience factor.

In summary, for Mr. Hamilton, Mr. Krasic, Mr. Roskind, and Mr. Zilka, the NDCA is a more convenient venue. For other witnesses, including Mr. Morris, the inventor, and Mr. Caldwell, the prosecuting attorney, the WDTX is a more convenient venue. This Court has determined that the importance of Mr. Morris's testimony outweighs the testimony of Google's former employees. Accordingly, this factor weighs against transfer.

### iv. All Other Practical Problems That Make Trial of a Case Easy, Expeditious and Inexpensive

The Court finds that this factor is at most neutral. Google argues that in cases where the suit is in its earliest stages, and where there is no co-pending litigation in either forum, this factor

is neutral. Def.'s Mot. at 13; *Voxer, Inc. v. Facebook, Inc.*, No. 6:20-CV-00011-ADA, 2020 WL 3416012, at *6 (W.D. Tex. June 22, 2020). Jenam argues that this factor weighs against transfer. Pl.'s Resp. at 14. Jenam asserts that a transfer would be prejudicial, because, due to court congestion in the NDCA, Google would have extra time to develop invalidity and non-infringement theories. *Id*. However, the Court finds that because this case has not yet heard argument on *Markman* claim terms, that this case is in such an early stage that transfer would not unduly prejudice Jenam. *See Uniloc 2017 LLC v. Apple Inc.*, No. 6-19-CV-00532-ADA, 2020 U.S. Dist. LEXIS 109037 at *46 (W.D. Tex. 2020). Accordingly, the Court finds this factor neutral.

**B. The Public Interest Factors Weigh Against Transfer.**

*i. Administrative Difficulties Flowing From Court Congestion*

The relevant inquiry under this factor is actually "[t]he speed with which a case can come to trial and be resolved[.]" *In re Genentech, Inc.*, 566 F.3d 1338, 1347 (Fed. Cir. 2009). A faster average time to trial means a more efficient and economical resolution of the claims at issue. Google argues that because there is not an "appreciable difference" in docket congestion between the NDCA and the WDTX, that this factor is neutral. Def.'s Mot. at 14. Jenam counters that because the NDCA is becoming more congested as time goes on that this factor weighs against transfer. Pl.'s Resp at 14. Jenam also asserts that this Court's approach to patent cases, specifically the accelerated scheduling of the *Markman* hearing, reduces court congestion and administrative difficulties. *Id.* at 15.

If this case is transferred to the NDCA, establishing a new schedule with a new presiding judge would cause greater delay. Pl.'s Resp. at 14. Because transfer would only prolong this case, this factor weighs against transfer.

### ii. Local Interest in Having Localized Interests Decided at Home

Under this factor, the Court must evaluate whether there is a local interest in deciding local issues at home. *Volkswagen*, 545 F.3d at 317. "A local interest is demonstrated by a relevant factual connection between the events and the venue." *Word to Info, Inc. v. Facebook, Inc.*, No. 3:14-cv-04387-K, 2015 WL 13870507, at *4 (N.D. Tex. Jul. 23, 2015).

Google states that the NDCA has a stronger local interest because "Google's QUIC protocol was designed and developed in Northern California, and it is these Google employees' work and reputation that has been called into question." Def.'s Mot. at 15. However, Google has had a substantial presence in Austin for nearly 14 years. As Jenam notes, Google's presence in Texas is "ever-increasing," and Google "positions itself as a member of the community." Pl.'s Resp. at 15. Jenam also argues that Jenam itself is a Texas entity with whom the WDTX has a local interest in. *Id.*

Seeing as both Districts are home to Google facilities, employees, and are significant markets for the allegedly infringing products, the Court finds this factor neutral with respect to Google. Moreover, the local interest that this Court has in adjudicating a matter involving a Texas entity, Jenam, shifts this factor against transfer.

### iii. Familiarity of the Forum With the Law That will Govern the Case

Both parties agree that this factor is neutral. Def.'s Mot. at 15; Pl.'s Resp. at 16. The Court also agrees.

### iv. Avoidance of Unnecessary Problems of Conflict of Laws or in the Application of Foreign Law

Both parties agree that this factor is neutral. *Id.* The Court also agrees.

## V. CONCLUSION

Having found that the ease of access to relevant sources of proof weighs against transfer, the availability of compulsory process weighs only slightly in favor of transfer, the convenience of the witnesses and parties weighs against transfer, the practical problems factor is neutral, the court congestion and local interest factors weigh against transfer, and all other factors being neutral, the Court finds that Google has not met its significant burden to demonstrate that the NDCA is "clearly more convenient." *See Volkswagen II*, 545 F.3d at 314 n.10; *QR Spex*, 507 F.Supp.2d at 664. Therefore, because the Court finds that Google has not demonstrated that the NDCA is a clearly more convenient venue than the WDTX, the Court **DENIES** Google's Motion to Transfer.

SIGNED this 8th day of July, 2021.


_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE